## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

|   |   |   |
|---|---|---|
| AMNERYS ANNETTE RIVERA | ) ) | |
| Plaintiff, | ) ) | 2008-CV-0020 |
| v. | ) ) | |
| JOSEPH SHARP, CHOICE COMMUNICATIONS, L.L.C., and ATLANTIC TELE-NETWORK, INC. (ATN), | ) ) ) ) | |
| Defendants. | ) ) | |

TO:   Lee J. Rohn, Esq.
      Charles E. Engeman, Esq.

### ORDER

THIS MATTER came before the Court upon Defendant Atlantic Tele-Network, Inc.'s (ATN) Motion to Quash Plaintiff's Service of Summons (Docket No. 8). Defendant Joseph Sharp (Sharp) also filed Defendant Joseph Sharp's Motion to Quash Plaintiff's Service of Summons (Docket No. 11). Plaintiff filed responses in opposition to both motions (Docket Nos. 15, 16). Plaintiff then filed a Motion for Extension of Time to Perfect Service on Defendant Joseph Sharp (Docket No. 18) and a Motion to Serve Defendant Joseph Sharp by Publication (Docket No. 19). This Order is being issued without the necessity of any further responses or replies.

*Rivera v. Sharp*
2008-CV-0020
Order
Page 2

ATN claims Plaintiff's service of the summons was improper in that it was served on David Haddow, who said Defendant claims is neither an officer nor agent of ATN, but is the Chief Financial Officer of Defendant Choice Communications, L.L.C. ATN's Memorandum at 2 (Docket No. 9). In response, Plaintiff claims that ATN is "engaging in gamesmanship" since Defendant Choice is a subsidiary of ATN. Response at 1.

Federal Rules of Civil Procedure 4(h) governs service of summons on corporations. Rule 4(h)(1)(B) says that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." *Id.* According to the Third Circuit,

> "[t]he determination whether an individual is 'a managing or general agent' depends on a factual analysis of that person's authority within the organization. One occuping [sic] this position typically will perform duties which are 'sufficiently necessary' to the corporations's operations. He should be 'a responsible party in charge of any substantial phase' of the corporation's activity . . . . In brief, it is reasonable to expect that such an agent will have broad executive responsibilities and that his relationship will reflect a degree of continuity."

*Gottlieb v. Sandia Amp. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971)(citations omitted). Here, David Haddow, himself, has filed an affidavit stating that he is neither an officer nor agent of ATN. Exhibit B. Furthermore, Plaintiff has not made any claims regarding David

*Rivera v. Sharp*
2008-CV-0020
Order
Page 3

Haddow's responsibilities to suggest otherwise. Consequently, Defendant ATN's Motion to Quash service will be granted.

As previously mentioned, Defendant Joseph Sharp also filed a Motion to Quash Plaintiff's Service of Summons (Docket No. 18). Sharp claims Plaintiff's service of summons was improper in that it was served on David Haddow, who Sharp claims is authorized neither by appointment nor law to accept service on behalf of him. Sharp's Memorandum at 2 (Docket No. 12). In response, Plaintiff links Sharp to David Haddow by saying that both are officers of Defendant Choice. Response at 1.

Federal Rules of Civil Procedure 4(e) governs service of summons on individuals. Rule 4(e)(C) says that an individual may be served by delivering a copy of the summons and of the complaint "to an agent authorized by appointment or by law to receive service of process." *Id.* Again, here, David Haddow has submitted an affidavit stating that he is neither authorized by appointment nor law to accept service on behalf of Defendant Sharp. Exhibit B. Plaintiff has offered no evidence to suggest the contrary. However, Plaintiff filed a Motion for Extension of Time to Perfect Service on Defendant Joseph Sharp (Docket No. 18). Plaintiff claims she has made "numerous attempts to effect service on Defendant Joseph Sharp" but has been unsuccessful. Motion at 1. As a result, Plaintiff requests an extension of time to perfect service on said Defendant.

*Rivera v. Sharp*
2008-CV-0020
Order
Page 4

Federal Rules of Civil Procedure 4(m) governs the time limit for service. According to Rule 4(m), if a "plaintiff shows good cause for the failure" to serve a defendant within the time limit, "the court must extend the time for service for an appropriate period." *Id.* Here, the record reflects that Plaintiff has attempted to serve Defendant Sharp with the summons and complaint on two occasions before finding out that said Defendant has been off-island for medical reasons and the date of his return is unknown. Attachment No. 1 to Motion. In addition, Plaintiff served Sharp's counsel with a waiver of service which Plaintiff claims has not been returned. Attachment No. 2 to Motion. Consequently, this Court finds Plaintiff has produced sufficient evidence to show good cause for an extension of time to perfect service on said Defendant.

Plaintiff also has filed a Motion to Serve Defendant Joseph Sharp by Publication (Docket No. 19), pursuant to Fed. R. Civ. P. 4 and V.I. Code Ann. tit. 5 § 112(a)(1). Motion at 1. Plaintiff claims she has "diligently attempted to serve Defendant Joseph Sharp and has no new information regarding another address at which service may be attempted." Motion at 2.

Pursuant to Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where

*Rivera v. Sharp*
2008-CV-0020
Order
Page 5

the district court is located or where service is made." *Id.* Title 5, Section 112 of the Virgin Islands Code, provides in pertinent part:

> (a) When service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, and the defendant after due diligence cannot be found within the Virgin Islands, and when that fact appears by affidavit to the satisfaction of the district court, or the Superior Court in an action therein, and it also appears that a cause of action exists against the defendant, or that he is a proper party to an action relating to real or personal property in the Virgin Islands, the court shall grant an order that the service be made by publication of the summons in any of the following cases:
>
>> (1) When the defendant is a foreign corporation, and has property within the Virgin Islands, or the cause of action arose therein . . . .

V.I. Code Ann. tit. 5 § 112(a)(1). Here, the evidence Plaintiff has produced to show good cause for an extension reflects a diligent search for Defendant Sharp by Plaintiff. However, Sharp is an individual not a "foreign corporation," and, therefore, does not fall under class Section 112(a)(1). Consequently, Defendant Sharp may not be served by publication pursuant to Section 112(a)(1). Subsection (2), however, is more applicable considering the instant circumstances. It provides in pertinent part:

> (2) When the defendant, being a resident of the Virgin Islands, has departed therefrom with intent to defraud his creditors or to avoid the service of the summons, or with like intent keeps himself concealed therein, ***or has departed from the Virgin Islands and remained absent therefrom six consecutive weeks*** . . . .

*Rivera v. Sharp*
2008-CV-0020
Order
Page 6

V.I. Code Ann. tit. 5 § 112(a)(2)(emphasis added).  Here, Plaintiff has attached an affidavit of process server stating, "Joseph Sharp has been off-island for the past 6 months for medical reasons.  His return date is unknown."  Attachment No. 4 to Motion.  Consequently, Plaintiff may serve Sharp by publication pursuant to V.I. Code Ann. tit 5 §112(a)(2).

Accordingly, it is now hereby **ORDERED**:

1. Defendant Atlantic Tele-Network, Inc.'s Motion to Quash Plaintiff's Service of Summons (Docket No. 8) is **GRANTED**.

2. Defendant Joseph Sharp's Motion to Quash Plaintiff's Service of Summons (Docket No. 11) is **GRANTED**.

3. Plaintiff's Motion for Extension of Time to Perfect Service on Defendant Joseph Sharp (Docket No. 18) is **GRANTED**.

4. Plaintiff has 60 days from the date of this Order to perfect service on Defendant Joseph Sharp.

5. Plaintiff's Motion to Serve Defendant Joseph Sharp by Publication (Docket No. 19) is **GRANTED**

6. Plaintiff may serve Defendant Joseph Sharp by publishing the summons in St. Croix Avis once a week for a period of four weeks.

*Rivera v. Sharp*
2008-CV-0020
Order
Page 7

ENTER:

Dated: July 17, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE