**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| AMNERYS ANNETTE RIVERA,<br><br>         Plaintiff,<br> v.<br><br>JOSEPH SHARP, CHOICE COMMUNICATIONS, L.L.C., and ATLANTIC TELE-NETWORK, INC. (ATN),<br><br>         Defendants. | 1:08-cv-20 |

TO: Lee J. Rohn, Esq.
    Charles E. Engeman, Esq.

## ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

THIS MATTER came before the Court upon Plaintiff's Motion to Enforce Settlement and for Award of Costs and Fees and Interest (Docket No. 87). Defendants Joseph Sharp, Choice Communications, L.L.C., and Atlantic Tele-Network filed a response thereto (Docket No. 89). Plaintiff Amnerys Annette Rivera filed a reply to the response (Docket No. 93).

On September 2, 2009, Plaintiff and Defendants conducted a mediation conference to settle Plaintiff's claims against Defendants for wrongful discharge, breach of duty of good faith and fair dealing, discrimination for race, color, national origin and gender

discrimination, and intentional and/or negligent infliction of emotion distress. Response at 1. Shortly thereafter, the parties reached a settlement agreement. *Id* at 2. On September 30, 2009, the mediator, Attorney Smock, filed a report of mediation stating that the matter had been completely resolved. *See* Docket No. 78. The Court entered an order closing the matter the same day. *See* Docket No. 79. The Order further directed the parties to file a stipulation of dismissal within thirty (30) days. *Id*. The Court later entered an order dismissing the case with prejudice on November 17, 2009, in light of the agreed upon settlement. *See* Docket No. 80.

On October 7, 2009, Defendants sent Plaintiff a release. *See* Docket No. 87, Exhibit 1. Plaintiff was not satisfied with the terms of the release and sent another version of the release with desired changes on October 21, 2009. *See* Docket No. 87, Exhibit 2. The changes to the release proposed by Plaintiffs included a reduction in the breadth of the claims released and minor details about the payment of the settlement amount. *Id.* The release contained a confidentiality agreement and no mention of a timeline for the payment of the settlement amount, it simply stated that Defendants were to "promptly pay" the agreed upon amount. *See* Docket No. 87, Exhibit 1. At no time did Plaintiff seek to change the portion of the release relating to either the confidentiality agreement or the timing of the payment. *See* Docket No. 87 at Exhibits 2 and 6.

On November 25, 2009, Plaintiff filed a Motion to Enforce Settlement, which was filed unsealed. Docket No. 81. Despite the protests of Defendants, the motion was left unsealed until February 26, 2010. *See* Docket No. 83; Docket No. 89, Exhibit 3. Plaintiff withdrew the motion on December 4, 2009. Docket No. 82. The motion, which contained information about the key parts of the settlement, remained public until it was sealed on February 26, 2010. Docket No. 84.

The parties continued negotiation of the release, and on December 22, 2009, Defendants sent a revised copy of the release to Plaintiff. Motion at 2. The revised copy reflected only the minor changes about the payment of the settlement amount that Plaintiff had requested. Docket No. 87, Exhibit 5. It did not change the breadth of the claims released from the original release drafted by Defendants. *Id*. Plaintiff sent back a revised copy of the release indicating her preference about the breadth of the claims released. Docket No. 87, Exhibit 6. On January 12, 2010, Plaintiff signed the release sent by Defendants on December 22, 2009. Docket No. 87, Exhibit 7. Defendants, however, claimed that Plaintiff had materially breached the lease by filing the unsealed Motion to Enforce Settlement and refused to sign the release. Motion at 3. On March 23, 2010, Plaintiff filed the present Motion to Enforce Settlement.

**DISCUSSION**

A "settlement agreement is a contract and subject to the rules of contract interpretation." *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 79 (3d Cir. 1982). *See also Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, 589 F. Supp. 2d 457, 462 (D. Del. 2008) ("A settlement agreement is a contract enforceable by local law."). Both Plaintiff and Defendants represented that they believed a settlement agreement had been reached during mediation. *See* Motion at 1; Response at 2. Thus, there was a "meeting of the minds" required to formulate an agreement, and thus, a contract. "The local law generally applicable to contracts in the Virgin Islands is the Restatement (Second) of Contracts." *Nicholas v. Wyndham Int'l, Inc.*, 2007 U.S. Dist. LEXIS 91829 (D.V.I. 2007). *See also* V.I. Code Ann. tit. 1, §4 (2010) ("the restatements of law approved by the American Law Institute govern in absence of local laws to the contrary"). Therefore, this section will apply Restatement analysis to examine whether that settlement agreement was breached by either Plaintiff or Defendants.

**I. Defendants' Delay in Paying the Settlement Amount**

Plaintiff alleges that her unsealed Motion to Enforce the Settlement was necessary because Defendants previously breached the settlement agreement by not tendering payment within a thirty (30) day period. Reply at 2. This position is unfounded. The

release contained no suggestion that the parties had agreed upon a thirty (30)-day time period for the payment of the settlement. In fact, the release merely states that the consideration must be "promptly paid," and Plaintiff made no attempt to revise it. *See* Docket No. 87 at Exhibits 2 and 6. This suggests that there was no agreement on a specific time period for the payment. Furthermore, Plaintiff could have achieved the same result without breaching the confidentiality provision by filing the motion after asking the court to seal the document.

## II. Plaintiff's Signing of Release on January 12, 2010

Plaintiff purports that her signature and delivery on January 12, 2010, constitutes an acceptance of Defendants' release offer from December 22, 2009. Motion at 5. However, Plaintiff sent a changed release back to Defendant on December 28, 2009. Docket No. 91, Exhibit 6. Under the Restatement (Second) of Contracts, "A counter-offer is an offer made by an offeree to his offeror relating to the same matter as the original offer and proposing a substituted bargain differing from that proposed by the original offeror." Restatement (Second) of Contracts §39(1) (1979). Here, Plaintiff's changed release sent on December 28, 2009, constitutes a counter-offer. "An offeree's power of acceptance is terminated by his making of a counter-offer, unless the offeror has manifested a contrary intention or unless the counter-offer manifests a contrary intention of the offeree." Restatement (Second) of

Contracts §39(2) (1979). Plaintiff's changed release on December 28, 2009, terminated her power to accept the December 22, 2009, release offer because there is no indication from either party that the first release was still an open offer. Therefore, Plaintiff's signature of Defendants' December 22, 2009, offer on January 12, 2010, was itself a new offer that Defendant was free to reject.

### III. Plaintiff's Unsealed Motion to Enforce Settlement

#### A. The Unsealed Motion Breached the Confidentiality Provision

Plaintiff's unsealed Motion to Enforce Settlement, which contained important details of the settlement, violated the confidentiality provision of the settlement. The confidentiality provision appears on every version of the release and was not changed by either party in any version of the release. The absence of revision indicates both parties were aware of the confidentiality provision and had no problems with it. Despite accepting the confidentiality provision, Plaintiff publically filed a motion disclosing the terms of the settlement agreement. "Filing a document on the district court's electronic filing system is not consistent with keeping information confidential. . . . We think it is fair to presume in this day and age that every attorney understands that an electronic filing is immediately available to the public and is not a sealed document." *Baella-Silva v. Hulsey*, 454 F.3d 5, 11-12 (1st Cir. 2006). *See also Toon v. Wackenhut* 250 F.3d 950, 954 (5th Cir. 2001) (there is

"unfortunately no cure for the breach of the confidentiality agreement, which has been exposed to the public. We have no doubt that counsel were aware of the irreparable and irreversible consequences of filing the motion to enforce unsealed"). In *Baella-Silva*, the unsealed document was online for only an hour. *Baella-Silva*, 454 F.3d at 11. Here, the unsealed documents remained public for three (3) months. Therefore, by filing the Motion to Enforce Settlement unsealed, Plaintiff breached the confidentiality provision of the settlement agreement.

**B. The Breach of Confidentiality was a Material Breach of the Settlement Agreement**

The Restatement (Second) of Contracts provides five factors to determine if a breach of a contract is material:

> (a) the extent to which the injured party will be deprived of a benefit which he reasonably expected
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture
> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure
> (e) the extent to which the party failing to perform comports with the standards of good faith and fair dealing.

Restatement (Second) of Contracts §242 (1979).

Here, the Restatement factors indicate that the filing of the unsealed motion represents a material breach. First, Defendants are irreparably harmed by the disclosure of the settlement terms. Once something becomes public, it is impossible to make it private again. *See Gambale v. Deutsche*, 377 F.3d 133, 144 n.11 (2d Cir. 2004). Second, Defendants were forever deprived of the confidentiality of the settlement, which was extremely important to them. *See* Docket 89, Exhibit 2. Third, it is difficult, if not impossible, to compensate Defendants for the harm caused because there was no provision in the settlement agreement dealing with a breach of confidentiality; and, it is difficult to calculate the damages from such a disclosure. Fourth, it is impossible for Plaintiff to cure the failure because such a disclosure cannot be made private again. Finally, Plaintiff failed to comport with the standards of good faith and fair dealing as she left the motion unsealed for three (3) months, despite Defendants' urging, and there is evidence that the disclosure was purposeful. *See* Docket No. 89, Exhibit 3 ("[T]hat [sic] is what happens when you don't meet your obligations under a settlement agreement").

### C. Plaintiff's Material Breach Can be Treated as a Total Breach

Under the Restatement (Second) of Contracts, "a party's uncured material failure to perform . . . not only has the effect of suspending the other party's duties (§ 225(1)) but, when it is too late for the performance or the offer to perform to occur, the failure also has

the effect of discharging those duties." Restatement (Second) of Contracts §242 (1979). Ordinarily, there is some time where a party may cure their failure, however, in this case, it is impossible to cure a breach of the confidentiality agreement. *See* Restatement (Second) of Contracts §242 cmt. a (1979) ("Ordinarily there is some period of time between suspension and discharge, and during this period a party may cure his failure."). Here, it is impossible for Plaintiff to cure the breach of the confidentiality provision, as established above. Therefore, Plaintiff's breach of the confidentiality provision can be treated as a total breach, discharging Defendants from their duties under the settlement agreement.

## IV. SANCTIONS

In *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950 (5th Cir. 2001), the parties entered into a settlement agreement that contained a confidentiality provision. *Id*. at 951. After the defendant failed to pay the settlement amount on the agreed upon date, the plaintiff's attorney filed an unsealed motion to enforce settlement. *Id*. The magistrate judge found that the plaintiff's counsel acted in bad faith by failing to file the motion under seal. *Id* at 952. The district court then found counsel failed to file the motion under seal "without any valid reason to violate the confidentiality provision, and knowing that filing under seal would be equally effective if their true desire was merely to have the Court enforce the Agreement." *Id.* The court ultimately sanctioned the plaintiff's attorney by disallowing the

attorney to handle any other claims against the defendant under a related subject matter, a $15,000 fine, and a reduction in the attorney's contingency fee for the case.

> Federal courts necessarily have the power to "protect the administration of justice by levying sanctions in response to abusive litigation practices." Under the inherent power of the court to supervise and control its own proceedings, a court may award a reasonable attorneys' fee to the prevailing party when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." In order to impose sanctions pursuant to its inherent power, a Finding of bad faith is necessary. Awards should be imposed based on clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes, and such sanctions require "a high degree of specificity in factual findings."

*Wolters Kluwer Fin. Services, Inc. v. Scivantage*, 525 F. Supp. 2d 448, 538-539 (S.D.N.Y. 2009). Here, the Court finds that Plaintiff's attorney was acting in bad faith when she filed the unsealed motion to enforce settlement. Replying to a request that she ask the court to file the motion under seal by saying, "that is what happens when you don't meet your obligations under a settlement agreement," indicates Plaintiff's attorney knew what she was doing and her breach of the confidentiality provision by filing the unsealed motion was purposeful. Docket No. 89, Exhibit 3. If the attorney's true goal was the securement of settlement funds, filing the motion after asking the court to place it under seal would have had the same effect. Filing the motion unsealed was clearly not a mistake, as the attorney took almost three (3) months to ask the court to seal the motion. Docket No. 81;

Docket No. 83. Therefore, this Court has no choice but to draw on its inherent power to sanction plaintiff's attorney for her bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-44 (1991) (reiterating a court's ability to draw upon its inherent power to sanction attorneys).

It is difficult to compensate Defendants for the bad faith actions taken against them because the parties did not include a clause in the agreement dealing with such actions. Because Plaintiff has materially and irreparably breached the settlement agreement, the Court will deny Plaintiff's motion to enforce. Further, the Court finds it appropriate that Plaintiff's attorney shall bear the costs of the Defendants' opposition to this motion in order to compensate Defendants' for their time spent and to deter Plaintiff's attorney from engaging in similar behavior in the future.

**CONCLUSION**

By filing an unsealed motion that disclosed the terms of the settlement, Plaintiff materially breached the settlement agreement without the ability to cure her breach. Therefore, Defendants are discharged from their duties under the agreement. Furthermore, because Plaintiff's attorney acted in bad faith in filing the motions, Plaintiff's attorney is required to pay the costs and fees associated with Defendant's defense of the motion.

Accordingly, it is now hereby **ORDERED** that:

1. Plaintiff's Motion to Enforce Settlement and for Award of Costs and Fees and Interest (Docket No. 87) is **DENIED**.

2. Counsel for Plaintiff shall pay said Defendants' reasonable costs and attorney's fees related to and associated with both the original, withdrawn motion to enforce and the motion at issue, upon the Court's approval of such amounts.

3. Counsel for Defendant shall submit, within ten (10) days from the date of entry of this order, an affidavit or other certification detailing the costs and fees relating to and associated with both the original, withdrawn motion to enforce and to the motion at issue.

              ENTER:

Dated: June 21, 2010           /s/ George W. Cannon, Jr.
                              GEORGE W. CANNON, JR.
                              U.S. MAGISTRATE JUDGE