DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| AMNERYS ANNETTE RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 2008-0020 |
| JOSEPH SHARP, | ) |
| CHOICE COMMUNICATIONS, LLC, and | ) |
| ATLANTIC TELE-NETWORK, INC., | ) |
| | ) |
| Defendants. | ) |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
 *For Plaintiff*

**Charles E. Engeman, Esq.,**
St. Thomas, U.S.V.I.
 *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

 THIS MATTER comes before the Court on Plaintiff Amnerys Annette Rivera's ("Plaintiff") Appeal of Magistrate Judge's Order Denying her Second Motion to Enforce Settlement ("Appeal") (Dkt. No. 100); the Opposition to Plaintiff's Appeal ("Opposition") filed by Defendants Joseph Sharp ("Sharp"), Choice Communications, LLC ("Choice"), and Atlantic Tele-Network, Inc. ("ATN") (collectively, "Defendants") (Dkt. No. 112); and Plaintiff's Reply to Defendants' Opposition ("Reply") (Dkt. No. 113). In her Appeal, Plaintiff requests that the Court: (1) vacate the Magistrate Judge's Order denying Plaintiff's motion to enforce a settlement agreement between the parties and imposing sanctions on Plaintiff's counsel; (2) enter judgment against Defendants in the amount purportedly agreed to by the parties at settlement, plus pre-judgment interest; and (3) award Plaintiff

costs and fees. For the reasons that follow, the Court will grant in part and deny in part Plaintiff's Appeal.

## I. BACKGROUND

In 2008, Plaintiff filed a Complaint with this Court asserting employment discrimination claims against Choice and ATN under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and Virgin Islands statutes, 10 V.I.C. §§ 1-10 and 62, *et seq.*, along with wrongful discharge, contract, and tort claims against all Defendants. (Dkt. No. 1). The case was referred to mediation on July 8, 2009. (Dkt. No. 67). On September 25, 2009, a Mediation Report was filed with the Court by mediator Henry C. Smock, Esq. (Dkt. No. 78). The Mediation Report confirmed that a mediation conference was held on September 2, 2009; that counsel for both parties were present for the mediation conference; and that the conflict between the parties was completely resolved as a result of the mediation, with the parties to submit a stipulation or notice of dismissal to the Court. *Id.*[1]

Upon receipt of the Mediation Report, Magistrate Judge George W. Cannon, Jr., ordered the parties to file a stipulation of dismissal within 30 days. (Dkt. No. 79). When the parties failed to comply with the 30-day deadline for submission of the stipulation of dismissal, the Magistrate Judge entered an order dismissing the case administratively with prejudice ("Order of Dismissal"). (Dkt. No. 80). The Order of Dismissal specifically preserved the Court's jurisdiction to enforce any settlement agreement between the parties. *Id.*

On November 25, 2009—although the parties had not filed a stipulation of dismissal with the Court—Plaintiff filed an unsealed motion to enforce settlement ("First Motion to Enforce") on the

---

[1] Defendants maintain that telephonic mediation conferences continued following the September 2, 2009 mediation conference, and that the parties reached a settlement agreement on September 8, 2009. (Dkt. No. 112 at 1).

Court's Case Management and Electronic Case Files ("CM/ECF") system. (Dkt. No. 81-1).[2] In her First Motion to Enforce, Plaintiff asserted that the parties had reached a settlement agreement; disclosed the amount of consideration to be paid by Defendants pursuant to the parties' settlement agreement; and claimed that the parties had agreed that Defendants would make payment within 30 days of the date they reached the settlement agreement—which Plaintiff maintained was September 2, 2009. *Id.* Plaintiff attached the Mediation Report and a chain of email communications regarding revisions to the parties' written Mutual Settlement Release as exhibits to the Motion.

On November 30, 2009, Defendants' counsel—Charles E. Engeman, Esq.—emailed the offices of Plaintiff's counsel—Lee J. Rohn, Esq.—regarding Plaintiff's First Motion to Enforce. (Dkt. No. 89-3). Defendant's counsel asserted that the motion "clearly violate[d]" a confidentiality agreement that was part of the settlement agreement between the parties, as it was filed unsealed on the Court's public CM/ECF system. *Id.* Email communications continued between counsel for the parties, and Attorney Rohn subsequently filed a motion to withdraw the First Motion to Enforce on December 4, 2009. (Dkt. No. 82). However—because Attorney Rohn did not seek to have the motion sealed—the First Motion to Enforce remained publicly accessible on CM/ECF until February 26, 2010, when it was sealed by the Court upon Plaintiff's request. (Dkt. No. 83, Dkt. No. 84).

Negotiations between the parties with respect to the specific terms of the Mutual Settlement Release continued through December 2009 and into early January 2010. On January 12, 2010, Plaintiff and Attorney Rohn sent a signed copy of the Mutual Settlement Release to Attorney Engeman through certified mail. (Dkt. No. 87-7). Defendants did not immediately respond. Then, on January 25, 2010, Attorney Engeman sent a letter to Attorney Rohn representing Defendants' position that the settlement agreement reached by the parties as a result of mediation in September 2009

---

[2] Plaintiff titled her filing as a Notice rather than a Motion, and then attached the First Motion to Enforce as an exhibit to the Notice. (Dkt. No. 81).

included a material term that "the existence and terms of [the settlement] agreement would be kept strictly confidential." *Id.* at 1. Attorney Engeman further informed Attorney Rohn that Defendants considered Plaintiff's First Motion to Enforce as constituting "a material breach of a material term of the settlement agreement." *Id.* Defendants thus took the position that, as a result of the alleged breach, they were no longer required to make payment to Plaintiff under the agreement. *Id.* at 2.

On March 23, 2010—although the parties had yet to file a stipulation of dismissal with the Court—Plaintiff filed a second unsealed motion to enforce settlement ("Second Motion to Enforce") on the Court's CM/ECF system. (Dkt. No. 85). Attorney Engeman emailed Attorney Rohn to inform her of Defendants' position that this filing constituted a further material breach of their settlement agreement. (Dkt. No. 89-5). Plaintiff then immediately moved to file the motion under seal, but the parties agree that the Second Motion to Enforce remained publicly available on the CM/ECF system until March 29, 2010. (Dkt. No. 100 at 10, Dkt. No. 112 at 5).

After briefing by the parties, the Magistrate Judge ruled on Plaintiff's Second Motion to Enforce on June 21, 2010. (Dkt. No. 98). The Magistrate Judge found, *inter alia*, that: (1) Plaintiff breached the confidentiality agreement that was part of the settlement agreement between the parties' by filing her motions to enforce unsealed on the Court's CM/ECF system; (2) Plaintiff's breach of the settlement agreement was material; and (3) Plaintiff's breach could not be cured, and thus could be treated as a total breach—"discharging Defendants from their duties under the settlement agreement." *Id.* at 6-9. Accordingly, the Magistrate Judge denied Plaintiff's Second Motion to Enforce. The Magistrate Judge further found that Attorney Rohn acted in bad faith, and imposed on Attorney Rohn the costs and fees associated with Defendant's opposition to the Second Motion to Enforce as a sanction for her misconduct. *Id.* at 10-11.

In her Appeal, Plaintiff asserts that the Magistrate Judge exceeded his authority under the Federal Magistrates Act, 28 U.S.C. § 631, *et seq.*, by entering the Order of Dismissal following the

4

parties' failure to file a stipulation of dismissal by the Court-ordered deadline, and by entering the Order denying her Second Motion to Enforce. (Dkt. No. 100 at 5). She therefore requests that the Magistrate Judge's Order on her Second Motion to Enforce be vacated, and that the Court review the Motion *de novo*. Plaintiff also assigns error to the Magistrate Judge's findings of fact and conclusions of law with respect to Plaintiff's alleged breach and the appropriate remedy, as well as his decision to impose sanctions on Attorney Rohn. *Id.* at 1.

## II. APPLICABLE LEGAL PRINCIPLES

The scope of a magistrate judge's authority is established by the Federal Magistrates Act, 28 U.S.C. § 631, *et seq.* ("Federal Magistrates Act" or "the Act"). The Act provides, in relevant part, that a court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . . to dismiss for failure to state a claim upon which relief can be granted, and *to involuntarily dismiss an action*." 28 U.S.C. § 636(b)(1)(A) (emphasis added).[3] The Act also permits the designation of a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)" of the Act. 28 U.S.C. § 636(b)(1)(B).[4]

---

[3] In the District Court of the Virgin Islands, the Local Rules of Civil Procedure provide for the automatic designation of the magistrate judge in all civil cases to determine pretrial matters to the extent permitted by the Federal Magistrates Act and by the Federal Rules of Civil Procedure. LOCAL R. CIV. P. 72.1.

[4] Where the parties consent to a magistrate judge's jurisdiction, the Federal Magistrates Act further provides that a magistrate judge may "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court . . . ." 28 U.S.C. § 636(c)(1). Under certain circumstances, consent to a magistrate judge's jurisdiction "can be inferred from a party's conduct during litigation . . . ." *Roell v. Withrow*, 538 U.S. 580, 582 (2003). However, "[t]he implied consent contemplated by *Roell* requires: (1) notification of the right to refuse the magistrate judge; and, (2) an affirmative signal of consent to the [m]agistrate [j]udge's authority through actions rather than words." *Banco Popular de Puerto Rico v. Bloice*, 2014 WL 12744794, *2 (D.V.I. Aug. 5, 2014) (quoting *Roell*, 538 U.S. at 587 n.5, 590)

5

The Third Circuit has interpreted the language of the Federal Magistrates Act as drawing a "sharp distinction between dispositive and nondispositive matters . . . ." *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998).[5] As such, pursuant to subparagraph (A) of Section 636(b)(1) of the Act, "a magistrate judge, without the consent of the parties, has the power to enter orders which do *not* dispose of the case." *Id.* (emphasis added). The Act further establishes the standard of review for nondispositive matters determined by a magistrate judge—specifically, that a district court "may reconsider [a magistrate judge's decision] under [] subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Conversely—absent consent of the parties—a magistrate judge does not have the power to decide on a motion "if a decision on [that] motion would effectively determine a claim or defense of a party." *EEOC v. City of Long Branch*, 866 F.3d 93, 98 (3d Cir. 2017). Subparagraph (B) of Section 636(b)(1) of the Act restricts the magistrate judge's authority over such dispositive matters to the submission of "proposed findings of fact and recommendations" to the district judge for a final determination. 28 U.S.C. § 636(b)(1)(B); *Long Branch*, 866 F.3d at 99.[6] With respect to a district court's review of a magistrate judge's recommendations on dispositive matters, the Act provides that the district court "shall make a de novo determination of those portions of the report . . . to which

---

(internal quotations and ellipses omitted). The parties did not explicitly consent to the Magistrate Judge's jurisdiction here. Even assuming that the filings related to Plaintiff's motions to enforce can be viewed as evidence that the parties assented to the Magistrate Judge's jurisdiction, there is no indication in the record that the parties were notified of their right to refuse that jurisdiction. Accordingly, the Court concludes that the parties could not have impliedly consented to the Magistrate Judge's jurisdiction in this case.

[5] The Federal Rules of Civil Procedure also explicitly draw a distinction between a magistrate judge's power over dispositive and nondispositve matters. *See* FED. R. CIV. P. 72 (providing that a magistrate judge may issue written orders on "pretrial matter[s] not dispositive of a party's claim or defense," and may "enter a *recommended* disposition" on "pretrial matter[s] dispositive of a claim or defense") (emphasis added).

[6] A submission by a magistrate judge under this subparagraph is often referred to as a "report and recommendation."

objection is made . . . [and] may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(B). Where a party does not object to a magistrate judge's recommendation on a dispositive matter, the right to a *de novo* review of the issue by the district court is waived, and review by the district court is instead "conducted under the far more deferential standard of 'plain error.'" *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 F. App'x 125 (3d Cir. 2008) (citations omitted).

### III. DISCUSSION

In the instant case, Plaintiff argues that the Magistrate Judge possessed no authority under the Federal Magistrates Act to enter the Order of Dismissal following the parties' failure to file a stipulation of dismissal. She further argues that—in light of the dismissal of her underlying claims through the Magistrate Judge's Order of Dismissal—the Magistrate Judge's ruling denying Plaintiff's Second Motion to Enforce "effectively dispose[d] of this matter" and was therefore outside the scope of the Magistrate Judge's authority under the Act. (Dkt. No. 100 at 5). Plaintiff contends that, as a result, the Magistrate Judge's Order denying Plaintiff's Second Motion to Enforce must be vacated, and requests a *de novo* determination on the Motion by the Court. *Id.* at 1, 6.

#### A. Order of Dismissal

The Court concludes that the Magistrate Judge's Order of Dismissal fell outside the scope of his authority as established by the Federal Magistrates Act. The Act expressly prohibits a magistrate judge from making a determination on the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A). Absent the consent of the parties, the Magistrate Judge's authority with respect to dismissal of the case is limited to the submission of proposed findings of fact and recommendations to the district court pursuant to 28 U.S.C. § 636(b)(1)(B).

The Third Circuit recently clarified that two options are available to a district court to achieve compliance with the requirements of the Federal Magistrates Act in the event that a magistrate judge enters an order beyond the scope of his authority. First, the district court may disregard the magistrate judge's order entirely and make its own determination on the matter in the first instance. Second, the Court may treat the magistrate judge's order as a report and recommendation, and review the magistrate judge's decision under the standard established for review of dispositive matters by the Federal Magistrates Act at subparagraph (B) of Section 636(b)(1). *See Long Branch*, 866 F.3d at 100-01 (permitting a district court—on remand of a case in which it erroneously treated a motion to enforce an agency subpoena as a nondispositive rather than a dispositive matter, and thereby applied the wrong standard of review to the magistrate judge's decision—to "consider the motion to enforce in the first instance or [] treat the Magistrate Judge's order as a report and recommendation and allow the parties the opportunity to object") (citations omitted).

In the instant case, the Court will vacate the Magistrate Judge's Order of Dismissal and proceed to adjudicate the matter *de novo*. Based on this review, the Court concludes that dismissal of the case under the circumstances here is inappropriate.

The authority of a court to involuntarily dismiss a case is established by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b). While a court may dismiss a party's claims as a sanction for its failure to comply with court orders under Rule 41(b), "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Before dismissing a case with prejudice, courts in the Third Circuit must weigh the following factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an

8

analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984)). Further, while the Third Circuit has recognized that a district court may dismiss a case *sua sponte*, "it should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Accordingly, a district court "should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case *sua sponte*." *Id.* (citing *Emerson*, 296 F.3d at 191).

Here, the Court's *sua sponte* dismissal of the case was premised on the parties' failure to comply with the Court-ordered 30-day deadline to file a stipulation of dismissal. There is no indication in the record that this is evidence of the nature sufficient to consider the aforementioned factors, or to conclude upon such consideration that dismissal is warranted. Nor is there an indication that the parties were provided with an opportunity to explain their failure to comply with the deadline before dismissing the case. Indeed, where, as here, there is evidence in the form of a Mediation Report that the parties had purportedly arrived at a mutual agreement to resolve the matter informally, the Court finds the involuntary dismissal of Plaintiff's case to be a wholly inappropriate response to the parties' joint failure to file a stipulation of dismissal by a Court-ordered deadline. Accordingly, the Court will not dismiss the case and it will remain on the Court's docket.

### B. Plaintiff's Second Motion to Enforce Settlement Agreement

The Court further concludes that Plaintiff's Second Motion to Enforce, which the Magistrate Judge adjudicated, was a dispositive motion, the determination of which fell outside the scope of the Magistrate Judge's authority under the Federal Magistrates Act. A decision not to enforce a settlement agreement is a final determination with respect to the rights and obligations of the parties under the agreement, and precludes the parties from seeking any further recourse from the court with respect to enforcement of the settlement agreement. The Third Circuit has focused on this type of finality and

preclusive effect in determining whether a matter is dispositive. *See, e.g., In re U.S. Healthcare*, 159 U.S. at 145 (order remanding an action to state court is dispositive because it "preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute"); *NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992) (procedure to enforce an agency subpoena is dispositive because "[o]nce the court grants or quashes the agency subpoena, it determines with finality the duties of the parties"). Accordingly, the Magistrate Judge's authority under the Federal Magistrates Act with respect to Plaintiff's Second Motion to Enforce was limited to the submission of findings of fact and recommendations to the district court. As with the Order of Dismissal, the Magistrate Judge's Order denying Plaintiff's Second Motion to Enforce will be vacated and the Court will review the Motion *de novo*.

In her Second Motion to Enforce, Plaintiff requests that the Court enter judgment against Defendants in the amount purportedly agreed upon by the parties at settlement, plus pre-judgment interest. (Dkt. No. 87 at 6). Plaintiff also alleges that Defendants breached the settlement agreement through their refusal to provide Plaintiff with the settlement funds, and requests that the Court award her costs and fees incurred as a result of this alleged breach. *Id.* Defendants oppose Plaintiff's Second Motion to Enforce and argue that Plaintiff breached the parties' settlement agreement by revealing confidential information related to the settlement agreement through her filings on CM/ECF. (Dkt. No. 89 at 19). Defendants also request that the Court strike from the record those portions of Plaintiff's motion referencing confidential mediation discussions. *Id.* Defendants further request that the Court grant Defendants their fees and costs in opposing Plaintiff's Second Motion to Enforce, impose sanctions on Attorney Rohn personally, and provide any other relief and sanction the Court deems appropriate for Plaintiff's alleged improper conduct in revealing confidential information. *Id.*

Although not addressed by the parties, the Court begins its *de novo* review of Plaintiff's Second Motion to Enforce with a *sua sponte* review of its subject matter jurisdiction over enforcement

of the parties' settlement agreement—"as every court is required to do when subject matter jurisdiction is in question." *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d. Cir. 2002)). A district court has no inherent power to enforce a settlement agreement. *Id.* at 503. Rather, a district court may exercise ancillary jurisdiction over the enforcement of a settlement agreement only where it retains that jurisdiction through a previous order dismissing the case—either through a separate provision in the order explicitly retaining jurisdiction to enforce the settlement or through incorporation of the terms of the settlement agreement in the order. *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994)). Absent either of these specific actions by a district court to retain jurisdiction over enforcement of a settlement agreement, "[a]n action to enforce the settlement [] becomes a separate contract dispute," and "[t]he proper forum in which to enforce [the] settlement agreement is the state court . . . ." *Nelson v. Pennsylvania*, 125 F. App'x 380, 382 (3d Cir. 2005) (citing *Kokkonen*, 511 U.S. at 382; *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995); *Shaffer v. Veneman*, 325 F.3d 370, 373 (D.C. Cir. 2003)).

In this case—despite the representation to the Court in the Mediation Report that the parties had reached a settlement agreement and would file a stipulation of dismissal in this matter—no stipulation of dismissal has been filed by the parties as of the date of this Opinion. As discussed above, the Magistrate Judge's Order of Dismissal—which purported to retain jurisdiction over the enforcement of a settlement agreement between the parties—exceeded the scope of the Magistrate Judge's authority under the Federal Magistrates Act and, as such, will be vacated by the Court. Absent an order by the Court dismissing the case and retaining jurisdiction to enforce a settlement agreement reached by the parties, the Court has no subject matter jurisdiction to enforce settlement. Accordingly, the Court will deny Plaintiff's Second Motion to Enforce.

Because the Court has no subject matter jurisdiction over the enforcement of a settlement agreement between the parties, the Court will not wade into the parties' efforts to settle this matter. The parties' filings with respect to the enforcement of settlement are not properly before this Court. Therefore, the parties' requests for costs, fees, and the imposition of sanctions will be denied for lack of jurisdiction. Additionally, because the Court will not be addressing the enforcement-related filings for any purpose and because Plaintiff's Second Motion to Enforce is now sealed and cannot be accessed by the public, the Court will deny as moot Defendants' request that the Court strike portions of Plaintiff's Second Motion to Enforce.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part Plaintiff's Appeal of the Magistrate Judge's Order Denying her Second Motion to Enforce Settlement (Dkt. No. 100). The Court will grant the Appeal to the extent that the Court will vacate: (1) the Magistrate Judge's Order of Dismissal of this case, and (2) the Magistrate Judge's Order Denying Plaintiff's Second Motion to Enforce.

With respect to the merits of Plaintiff's Second Motion to Enforce—which the Court reviewed here *de novo*—the Court will deny the Appeal in that it will deny Plaintiff's Motion. Because the Court has no subject matter jurisdiction over the enforcement of a settlement agreement here, the Court will deny Plaintiff's request for an entry of judgment in favor of Plaintiff and for an award of costs and fees. The Court will also deny Defendants' requests for an award of costs and fees, and for the imposition of sanctions against Attorney Rohn, and will deny as moot the striking of portions of Plaintiff's Second Motion to Enforce.

In view of the foregoing, the Court will set a date for the filing of a stipulation of dismissal by the parties. If the parties do not file a stipulation of dismissal by the deadline established by the Court,

the Court will convene a status conference with the parties to discuss and establish a schedule for further proceedings in this matter.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 24, 2018                    _____/s/_____
                                        WILMA A. LEWIS
                                        Chief Judge