# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| AMNERYS ANNETTE RIVERA, ) <br> ) <br>        **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> JOSEPH SHARP, ) <br> CHOICE COMMUNICATIONS, LLC, and ) <br> ATLANTIC TELE-NETWORK, INC., ) <br> ) <br>        **Defendants.** ) <br> _____) | Civil Action No. 2008-0020 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
**K. Glenda Cameron, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Charles E. Engeman, Esq.,**
**Adam G. Christian, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion for Summary Judgment to Enforce Settlement Agreement ("Motion to Enforce Settlement") (Dkt. No. 132) and accompanying Memorandum in Support (Dkt. No. 133) filed by Defendants Joseph Sharp ("Sharp"), Choice Communications, LLC ("Choice"), and Atlantic Tele-Network, Inc. ("ATN") (collectively, "Defendants"); and Plaintiff Amnerys Annette Rivera's ("Plaintiff") Response to Defendants' Motion to Enforce Settlement (Dkt. No. 140). For the reasons that follow, the Court will vacate in part its July 24, 2018 Memorandum Opinion (Dkt. No.129). The Court will also vacate in part its

July 24, 2018 Order (Dkt. No. 128) as it relates to the denial of Plaintiff's Second Motion to Enforce Settlement (Dkt. No. 87).

## I. BACKGROUND

In its July 24, 2018 Memorandum Opinion, the Court ruled on Plaintiff's Appeal of Magistrate Judge George W. Cannon, Jr.'s Order Denying Plaintiff's Second Motion to Enforce Settlement ("Appeal") (Dkt. No. 100).[1] The Court granted Plaintiff's Appeal in part, concluding that the Magistrate Judge had exceeded his authority under the Federal Magistrates Act by (1) dismissing the case *sua sponte* following the parties' failure to comply with a Court-ordered deadline for the submission of a stipulation of dismissal after the parties reached a settlement agreement; and (2) ruling on the merits of Plaintiff's Second Motion to Enforce Settlement. (Dkt. No. 129 at 7-12). The Court therefore vacated the Magistrate Judge's Order of Dismissal (Dkt. No. 80), and considered *de novo* the question whether dismissal of the case was appropriate in light of the parties' failure to file a stipulation of dismissal. (Dkt. No. 129 at 8). Because the Court determined that dismissal of the case was inappropriate under the circumstances, the Court concluded that the case would remain on the Court's docket. *Id.* at 8-9.

The Court then turned to its *de novo* review of Plaintiff's Second Motion to Enforce Settlement, beginning its analysis with a review of the Court's subject matter jurisdiction to enforce the parties' settlement agreement. *Id.* at 10-11. Relying on the Third Circuit's opinion in *Shaffer v. GTE N., Inc.*, 284 F.3d 500 (3d Cir. 2002) and the Supreme Court's opinion in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Court noted that it had "no inherent power to enforce a settlement agreement" in the absence of a "previous order dismissing

---

[1] The Court provided a detailed factual background of this case in its July 24, 2018 Memorandum Opinion. (Dkt. No. 129 at 2-5). The Court will not repeat that background information here, but will instead provide only that information pertinent to the issues currently before the Court.

2

the case . . . [and] explicitly retaining jurisdiction to enforce the settlement[.]" (Dkt. No. 129 at 11). Because the Court had vacated the Magistrate Judge's Order of Dismissal purporting to retain jurisdiction over the parties' settlement agreement, the Court concluded that it had no subject matter jurisdiction to enforce settlement, and therefore denied Plaintiff's Second Motion to Enforce Settlement. *Id.*

In their instant Motion to Enforce Settlement, Defendants contend that the Court's conclusion in its July 24, 2018 Memorandum Opinion that it lacks jurisdiction to enforce the parties' settlement agreement was in error. (Dkt. No. 133 at 5-7). They argue that—although a district court retains no jurisdiction to enforce settlement where the underlying action is dismissed and the court has not retained jurisdiction to enforce settlement—a district court has jurisdiction to enforce a settlement agreement where a motion to enforce settlement is filed while the underlying suit remains pending on the court's docket. *Id.* at 6-7. Because the Court vacated the Magistrate Judge's Order of Dismissal in this case through its July 24, 2018 Memorandum Opinion and Order, Defendants note that the underlying suit remains pending on the Court's docket. They therefore request that the Court "reevaluate its previous jurisdictional determination" and find that it has jurisdiction to enforce the parties' settlement agreement. *Id.* at 7. In her Response to Defendants' Motion to Enforce Settlement, Plaintiff also maintains that the Court has jurisdiction to enforce the parties' settlement agreement, and requests that the Court exercise its authority to enforce the settlement agreement between the parties. (Dkt. No. 140 at 5-6).

## II. DISCUSSION

Having reviewed the parties' filings and the applicable case law, the Court concludes that its prior determination that the Court lacks subject matter jurisdiction over the enforcement of the parties' settlement agreement in this case was in error. In *Bryan v. Erie Cty. Office of Children &*

3

*Youth*, 752 F.3d 316 (3d Cir. 2014), the Third Circuit explained that it was "[t]he absence of an ongoing matter within the district court's original jurisdiction" following the district court's dismissal of the underlying suit that "left the district court in *Kokkonen* without any basis on which to predicate ancillary jurisdiction" over disputes arising under the parties' settlement agreement. *Id.* at 322. The *Bryan* Court distinguished the circumstances of *Kokkonen* from those of the case before it, where the parties had reached an agreement while litigation of the case was ongoing but the underlying suit had *not* been dismissed. *Id.* The Third Circuit found this to be a critical distinction, and therefore held that the district court in *Bryan* had erred in concluding that it lacked subject matter jurisdiction to enforce the parties' agreement where the underlying suit had not been dismissed. *Id.*; *see also T St. Dev., LLC v. Dereje & Dereje*, 586 F.3d 6, 11 (D.C. Cir. 2009) ("[W]here, as in *Kokkonen,* a party seeks to enforce a settlement agreement after the district court has dismissed the case, the district court lacks jurisdiction over the agreement unless the court either incorporated the agreement's terms into the dismissal order or expressly retained jurisdiction over the agreement. If, however, a party seeks to enforce a settlement while the underlying suit remains pending, then the district court has jurisdiction to enforce the related settlement.").

Here, because the Court vacated the Magistrate Judge's Order of Dismissal, Plaintiff's underlying suit against Defendants remains pending before the Court. The Court therefore has ancillary jurisdiction to enforce the parties' settlement agreement.[2] Accordingly, that portion of the Court's July 24, 2018 Memorandum Opinion in which the Court reached a contrary conclusion regarding its subject matter jurisdiction to address the parties' settlement agreement will be

---

[2] Although the Court notes that the parties' motions to enforce settlement were filed after the parties failed to comply with a Court-ordered deadline for the submission of a stipulation of dismissal, the Court has found no case law indicating that the parties' non-compliance with the Court-ordered deadline should alter the Court's determination with respect to its ancillary jurisdiction over the parties' settlement agreement.

4

vacated. Because the Court denied Plaintiff's Second Motion to Enforce Settlement on the ground that the Court lacked subject matter jurisdiction to enforce the parties' settlement agreement, the Court's July 24, 2018 Order (Dkt. No. 128) will be vacated in part as it relates to the denial of Plaintiff's Second Motion to Enforce Settlement. Plaintiff's Second Motion to Enforce Settlement and Defendants' Motion to Enforce Settlement remain pending before the Court, and the Court will issue its rulings on those Motions in due course.

## **ORDER**

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Court's July 24, 2018 Memorandum Opinion (Dkt. No. 129) is **VACATED IN PART** as it relates to the Court's finding that it lacks subject matter jurisdiction to enforce the parties' settlement agreement; and it is further

**ORDERED** that the Court's July 24, 2018 Order (Dkt. No. 128) is **VACATED IN PART** as it relates to the Court's Denial of Plaintiff's Second Motion to Enforce Settlement (Dkt. No. 87).

**SO ORDERED**.

Date:   January 30, 2019                             _____/s/_____
                                                     WILMA A. LEWIS
                                                     Chief Judge